United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30088
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LARRY D ANDINGS, JR, also known as Skeeter, also known as Skeet

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-30044-2
--------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry D. Andings, Jr., appeals the sentence imposed following his guilty-plea conviction for distribution of cocaine base and having a prior conviction for sentence enhancement purposes. Andings argues that the district court erred by determining that the drug transactions between him and Derrick Smith were relevant conduct under U.S.S.G. § 1B1.3. For the first time on appeal, Andings contends that the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration of the hearsay statements of Smith and Asa Lee Goldsmith at sentencing was erroneous because the hearsay statements did not have sufficient indicia of reliability and because considering them violated his confrontation and due process rights.  Andings concedes that his confrontation and due process arguments are foreclosed, but requests that we make an exception to our precedent because of the large increase in his sentence.  Also for the first time on appeal, Andings asserts that the district court's drug quantity determination was not supported by a preponderance of the evidence.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed.  The district court's finding that the drug transactions between Andings and Smith were relevant conduct was not clearly erroneous.  See United States v. Ocana, 204 F.3d 585, 589-91 (5th Cir. 2000).  As the hearsay statements had sufficient indicia of reliability, the district court did not commit error, plain or otherwise, by considering them at sentencing.  See United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996).  As Andings acknowledges, his confrontation and due process arguments are foreclosed by this court's precedent.  See United States v. Young, 981 F.2d 180, 187-88 (5th Cir. 1992).  We will not forge an exception to our established precedent in this case because an error that requires the extension of precedent to identify cannot be plain error.  See United States v. Hull, 160 F.3d 265, 272

(5th Cir. 1998). Finally, as the district court's drug quantity determination was not implausible in light of the evidence as a whole, the district court did not commit error, plain or otherwise, in making the drug quantity determination. See United States v. Davis, 76 F.3d 82, 84-85 (5th Cir. 1996).

AFFIRMED.